UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **GARNETTA DAVIS, Administratrix of** | : | Case No. 1:05CV983 |
| the Estate of Paul Davis, Jr., | : | |
| | : | |
| Plaintiff, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | <u>ORDER</u> |
| | : | |
| | : | |
| **Defendant.** | : | |

Pending before the Court are a *Motion for Leave of Court to File Motion for Summary Judgment* ("Motion for Leave") (Doc. 12) and a *Motion for Summary Judgment* (Doc. 14) filed by Defendant, the United States of America. Defendant filed its Motion for Leave on February 23, 2007, seven months <u>after</u> the deadline to file dispositive motions expired. Although the Court did not grant that motion, Plaintiff also did not oppose it. Thereafter, on March 1, 2007, Defendant filed its Motion for Summary Judgment. As of the date of this order (which is well beyond the thirty days provided by Local Rule 7.1(d) to respond to dispositive motions), Plaintiff has not opposed either Defendant's Motion for Leave or Defendant's actual Motion for Summary Judgment. Plaintiff has also not contacted the Court to request an extension to respond or to otherwise determine response obligations. Because the Court finds that the <u>unrebutted</u> excuses provided by Defendant for failure to file a timely motion for summary judgment constitute good cause, the Court **GRANTS** Defendant's Motion for Leave and will entertain its Motion for Summary Judgment.

In addition, because Plaintiff has failed to oppose either of Defendant's motions or otherwise seek an extension or clarification of her response obligations, the Court could treat Defendant's Motion for Summary Judgment as unopposed. In that case, the Court would be entitled to rely on the facts provided by Defendant in ruling on the motion. *American Marietta Corp. v. Essroc Cement Corp.*, 59 Fed. Appx. 668, 671 (6th Cir. 2003) ("A district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed.").[1] Those facts, and the citations to the record that sustain them, support Defendant's argument that it is entitled to judgment as a matter of law on Plaintiff's claim for medical negligence. The burden is now on Plaintiff to "set forth specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), and, absent Plaintiff's discharge of that burden, the Court is inclined to enter judgment in Defendant's favor. Indeed, if not for the potential confusion surrounding the propriety of Defendant's Motion for Summary Judgment (despite having an unopposed motion for leave to file it), the Court simply would enter judgment. In the interest of fairness, however, the Court will permit Plaintiff to file an opposition to Defendant's Motion for Summary Judgment **within twenty (20) days of the date of this Order or face DISMISSAL WITH PREJUDICE of its claim in this case**.

**IT IS SO ORDERED.**

    s/Kathleen M. O'Malley
    **KATHLEEN McDONALD O'MALLEY**
    **UNITED STATES DISTRICT JUDGE**

**Dated: April 25, 2007**

---

[1] Although the Court "may not blithely accept the conclusions" argued in an unopposed motion for summary judgment, it also does not have a duty to "conduct its own probing investigation of the record." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 405-07 (6th Cir. 1992).

2